**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDDIE THOMAS JACKSON, | : | |
| | : | Civil Action No. 07-5886(FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE | : | |
| BOARD, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    EDDIE THOMAS JACKSON, Petitioner pro se
    Prison # 97217-071
    FCI Bennettsville
    P.O. Box 52020
    Bennettsville, South Carolina 29512

**WOLFSON**, District Judge

This matter is before the Court on petitioner Eddie Thomas Jackson's application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be dismissed without prejudice.

I.  BACKGROUND

Petitioner, Eddie Thomas Jackson ("Jackson"), is currently a federal inmate confined at the FCI Bennettsville in Bennettsville, South Carolina. He is serving a federal prison term until 2013.

Prior to his federal conviction, Jackson was convicted and sentenced in the Superior Court of New Jersey, Mercer County, on charges of possession of cocaine with intent to distribute. In

1992, he was sentenced to serve 15 years in prison with a 5 year parole disqualifier.  Upon serving five years in state prison, Jackson was released on parole on January 16, 1997.  His state sentence had a maximum expiration date of August 24, 2001.

On August 17, 2000, before the expiration of his state maximum sentence, Jackson was arrested on federal firearm charges.  He was convicted on the federal firearm offenses and sentenced on January 17, 2002, to 180 months (15 years) in prison.  On June 24, 2005, after having served five years on his federal sentence, and while still incarcerated for his federal conviction, the New Jersey State Parole Board ("the Board") issued a parole violator warrant.  The Board also lodged a detainer against Jackson with the federal Bureau of Prisons ("BOP").

Jackson immediately wrote to the Board asking that the parole violator warrant and detainer be withdrawn because they were issued well past the maximum expiration date of his underlying state sentence.  The Board declined to remove the detainer.

Jackson filed this petition on or about December 11, 2007, challenging the detainer and parole violator warrant.  Jackson admits that there has been no parole revocation hearing on the state parole violator warrant.

II. <u>STANDARDS FOR SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Jackson brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert</u>. <u>denied</u>, 490 U.S. 1025 (1989).

III. <u>CLAIMS PRESENTED</u>

In challenging the state parole violation detainer lodged against him, Jackson asserts that the Board was without jurisdiction to issue the warrant and detainer four years after

the maximum term on petitioner's underlying state sentence had expired.  He further alleges that the action by the Board was arbitrary and capricious and in violation of his right to due process under the Fourteenth Amendment.

Jackson contends that he satisfies the "in custody" requirement under 28 U.S.C. § 2254.[1]  He also argues that there is no requirement for him to exhaust his state court remedies concerning the state parole violator warrant and detainer, and that even if there was a requirement to do so, he has exhausted by virtue of the numerous letters he wrote to the Board to have the warrant removed.

## IV.  DISCUSSION

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render

---

[1]  The "in custody" requirement under § 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be ***in custody*** under the conviction he is attacking when the petition is ***filed***, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

such process ineffective ... ."[2]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  See also Baldwin v. Reese, 541 U.S. 27, 29 (2004). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Jackson has failed to exhaust his state court remedies with

respect to the challenged detainer.  Jackson admits that there has been no parole revocation hearing for him to challenge the validity of the parole warrant detainer lodged against him. However, Jackson argues that he has written to the Board to remove the detainer based on his claim that it was issued beyond the expiration date of his maximum term, in violation of the Fourteenth Amendment.  The Board refuses to remove the detainer.

This Court notes that decisions of the New Jersey State Parole Board are reviewable as of right in the Appellate Division of the New Jersey Superior Court pursuant to New Jersey Court Rule 2:2-3(a)(2).  See Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 831 (D.N.J. 1996).  Here, it is clear that Jackson has not pursued this claim to quash the detainer in the New Jersey state courts after the Board denied him relief from the detainer.

Moreover, this petition is subject to dismissal because Jackson has not shown any federal constitutional deprivation.  In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court held that a federal parolee, imprisoned for a federal crime committed while on parole, is not constitutionally entitled to an immediate parole revocation hearing when a detainer for a parole violation charge is lodged with the place of the parolee's confinement. Id. at 86.  In Moody, the Court found that the issuance of the parole violator warrant and the resulting detainer did not deprive the prisoner of any constitutional right because there

7

was no constitutional duty to provide the prisoner with a parole revocation hearing until he was taken into custody as a parole violator by execution of the warrant. The Court held that it was the "execution of the warrant and custody under the warrant as the operative event triggering any loss of liberty attendant upon parole revocation." Id. at 87.

In Caruso v. United States Bd. Of Parole, 570 F.2d 1150 (3d Cir. 1978), the United States Court of Appeals for the Third Circuit applied the holding in Moody to a state prisoner who sought an immediate revocation hearing from the federal parole authorities who had issued an un-executed parole violator warrant and had the warrant/detainer lodged with state prison officials, finding that the state prisoner's due process rights were not violated when he was not given an immediate parole revocation hearing. Id, 570 F.2d at 1151. The Third Circuit emphasized that there was no loss of liberty until the parole violator warrant was executed. Id. at 1154 n.7. The holding of Moody has been followed in cases like Jackson's where one state lodges a detainer against the parolee confined in another state's prison. See Larson v. McKenzie, 554 F.2d 131, 132-33 (4th Cir. 1977)(per curiam); Calloway v. District of Columbia Bd. Of Parole, 103 Fed. Appx. 740, *741 (4th Cir. 2004)(per curiam).

Thus, while Jackson may contest the validity of the parole violator warrant at his New Jersey parole revocation hearing, he is not entitled to an immediate parole revocation hearing, and

8

there is no basis to grant habeas relief in this action now where Jackson has failed to show a deprivation of a liberty interest as a result of the allegedly stale parole violator warrant and detainer, which has not yet been executed.

Therefore, this Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254, and for failure to show that a federal constitutional right has been denied at this time.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

9

would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court finds that Jackson has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. This Court also finds that petitioner has not demonstrated a violation of his federal constitutional rights at this time. Accordingly, the Court will dismiss the § 2254 habeas petition without prejudice. No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

 s/Freda L. Wolfson    
FREDA L. WOLFSON  
United States District Judge

Dated: June 25, 2008

10